D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**THOMAS FITZPATRICK,**

        **Plaintiff,**

   v.

**BOSTON MARKET CORPORATION,**

        **Defendant.**
------------------------------------------------------------x

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Thomas Fitzpatrick alleges as follows:

## JURISDICTION AND VENUE

1. This diversity action is brought by Plaintiff, a New York citizen who was employed by Defendant as a manager of Defendant's fast food stores in New Jersey. Plaintiff seeks monetary damages and other relief permitted under the New Jersey Law against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.* ("LAD").

2. This Court has original federal diversity jurisdiction under 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen and resident of New York. Upon information and belief, Defendant is a citizen of another state, namely Delaware.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District.

## PARTIES

4. Defendant Boston Market Corporation ("Boston Market") is a company that owns and operates fast food restaurants throughout the United States.

5. Upon information and belief, Boston Market is incorporated in the State of Delaware and currently has its headquarters in Pennsylvania.

6. Boston Market has over 200 locations in the United States and more than 40 locations in New York State, including in this District.

7. Plaintiff Tom Fitzpatrick is a 61-year-old individual who at all times relevant has been a citizen of New York and a resident of this District. Plaintiff resides in Staten Island, New York, which is located in Richmond County.

8. From July 2000 until March 2021, Plaintiff was employed by Defendant as an Assistant Manager, General Manager, Area Supervisor and Area Manager at Boston Market stores in New Jersey.

## FACTS

9. Plaintiff was first hired to work for Defendant as an Assistant Store Manager at a Boston Market store in Staten Island.

10. After about year at the store, Plaintiff was promoted to General Manager.

11. Approximately three or four years later, Plaintiff was promoted to Area Supervisor.

12. As an Area Supervisor, Plaintiff was tasked with supervising multiple Boston Market locations in Staten Island and northern New Jersey.

13. In 2015, Plaintiff was promoted to Area Manager and, shortly thereafter, was tasked with supervising all the Boston Market locations in northern New Jersey.

14. Between 2015 and 2021, the number of stores that Plaintiff was tasked with managing fluctuated, however, at certain times all of the approximately twenty Boston Market locations in New Jersey reported to Plaintiff.

15. Boston Market designated certain regions within the United States for which it compares store performances within each region.

16. One of these regions includes New Jersey, Pennsylvania, Delaware and Maryland.

17. The stores Plaintiff managed almost always outperformed the majority, if not all, of the other Boston Market Stores in its region, *i.e.*, the stores in Pennsylvania, Delaware and Maryland.

18. In fact, Boston Market had internal metrics by which it monitored and assessed managers' performance. Plaintiff was always one of the top performing area managers based on these metrics.

19. For example, since 2015, out of the approximately 70 Area Managers employed by Defendant in New Jersey, Pennsylvania, Delaware and Maryland region, Plaintiff always ranked in the top ten of Area Managers and even ranked as high the second highest performing manager.

20. These metrics are in Defendant's possession and, upon their production in this Action, will support Plaintiff's claim that he was always one of the top performing managers since 2015.

21. As another example of Plaintiff's stellar performance for Defendant, throughout the COVID-19 pandemic, the stores under Plaintiff's management were the only New Jersey stores to meet the company's standards of opening and closing throughout out the pandemic.

22. All other stores faced severe staffing issues which hindered their ability to meet the company's expectations as to the times that they were supposed to be opened for business. However, Plaintiff's stores were able to meet Boston Market's standards, as Plaintiff ensured that his stores were adequately staffed. In fact, on the occasions that employees were unavailable to work, Plaintiff would go into the stores himself and perform the duties of those employees even though those duties were not part of his job responsibilities.

23. In 2017, when Plaintiff was 57 years old, he was tasked with supervising additional stores in New Jersey. At that time, Defendant provided him with a $72,000 annual salary.

24. Shortly thereafter, Plaintiff became aware that two Area Managers, Steve [last name unknown] and Chad [last name unknown], who were younger than Plaintiff but had equal or lesser duties than Plaintiff and far less seniority at the company, were being paid $78,000 and $80,000, respectively.

25. The same issue occurred when Plaintiff was employed as a General Manager. At that time, he earned $60,000 annually even though younger General Managers with similar responsibilities earned between $62,000 and $65,000.

26. Defendant's age discrimination against Plaintiff culminated with them terminating his more than 20 years of employment in March 2021 for no reason at all and despite his steadfast dedication to the company.

27. The termination occurred during the COVID-19 pandemic and while Plaintiff was outperforming nearly all the other Area Managers.

28. When Plaintiff asked for an explanation as to why he was terminated, he was simply informed by one of Defendant's Regional Vice Presidents, Robert Gerard, that Plaintiff's "people were uninspired."

29. To be sure, Plaintiff never had any issues at all while working for Defendant and always received positive reviews on his formal performance assessments with the company.

30. Defendant was replaced by a far younger Area Manager who also earns far more than Plaintiff did at the time he was terminated.

31. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 22, 2021, over 60 days prior to the date of filing this Complaint.

**FIRST CLAIM FOR RELIEF**
**(Age Discrimination in Employment Act ("ADEA"),**
**29 U.S.C. §§ 621 et seq. - Age Discrimination)**

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33. In violation of the ADEA, Defendant intentionally discriminated against Plaintiff on the basis of his age.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to

emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation

36. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, and medical treatment, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Age Discrimination – Termination of Employment in Violation of New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-12(l))

37. Plaintiff realleges and incorporates by reference all previous paragraphs.

38. Defendant's termination of Plaintiff's employment solely on the basis of Plaintiffs' age constitutes an illegal discriminatory termination, in violation of the LAD, N.J. Stat. Ann. § 10:5-12(l).

39. Defendant's conduct was intentional deliberate, willful, and conducted in callous disregard for Plaintiff's protected rights.

40. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm and is entitled to all equitable and legal remedies available under the LAD including, but not limited to reinstatement, restoration of benefits, back pay, front pay, compensatory and punitive damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Age Discrimination – Unequal Pay on the Basis of Age in Violation of New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-12(t))

41. Plaintiff realleges and incorporates by reference all previous paragraphs.

42. Defendant's policy of paying Plaintiff a lower salary than younger fellow co-workers with equal or lesser responsibilities than Plaintiff constitutes an illegal discriminatory termination, in violation of the LAD, N.J. Stat. Ann. § 10:5-12(t).

43. Defendant's conduct was intentional deliberate, willful, and conducted in callous disregard for Plaintiff's protected rights.

44. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm and is entitled to all equitable and legal remedies available under the LAD including, but not limited to reinstatement, restoration of benefits, back pay, front pay, compensatory and punitive damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(A) For compensatory and punitive damages in an amount to be determined by the trier of fact;

(B) For reasonable attorneys' fees, interest, and costs of suit;

(D) For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York  Respectfully submitted,
October 21, 2021  JOSEPH & KIRSCHENBAUM LLP

By: _/s/ *D. Maimon Kirschenbaum*____
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.