

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**
GREGORY B. REILLY
greilly@bsk.com
P: 646.253.2330
F: 646.253.2301

July 11, 2023

<u>VIA ELECTRONIC CASE FILING</u>

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Thomas Fitzpatrick v. Boston Market Corporation</u>
              *Case No. 1:21-cv-05868*

Dear Judge Scanlon:

      Bond, Schoeneck & King, PLLC represents Defendant, Boston Market Corporation ("Boston Market" or "Defendant") in the above-referenced action. Pursuant to Rule 1.4 of the Local Rules of the U.S. District Court for the Eastern District of New York, we write seeking an entry of an order (i) granting Bond leave to withdraw as counsel for Defendant Boston Market; (ii) staying the proceedings in this action for sixty (60) days, or such other time that pleases the Court, to permit Defendant the opportunity to secure and retain new counsel; and (iii) granting such other relief as the Court deems just, equitable, and proper.

      Throughout the last 21 months, Bond has diligently represented Boston Market in this action. Bond has investigated the factual allegations in the complaint, prepared and filed an answer, represented Boston Market in three court conferences, took two depositions and defended two depositions, and produced over 1,500 pages of documents throughout discovery. Despite Bond's considerable efforts expended on Boston Market's behalf in this action and other matters, Defendant has failed to pay Bond's invoices for legal services since March 2022. In this action alone, Defendant currently owes Bond $48,514.90. Defendant also owes a substantial sum of money in other actions in which Bond represents Boston Market. Defendant has failed to provide adequate assurance that it will pay Bond for future services.

      Moreover, beginning in May 2023, communication between Bond and Boston Market has deteriorated. Defendant has refused to substantively respond to a dozen emails, phone calls, and text messages regarding this action, including with respect to the Joint Pre-Trial Order.

### **<u>Boston Market's Deliberate Disregard for Bond's Attorneys' Fees</u>**

      Beginning in November 2022, Bond began contacting Defendant via email regarding the significant amount of legal fees owed to Bond for numerous matters. In December 2022, Boston

Hon. Vera M. Scanlon
July 11, 2023
Page 2

Market's General Counsel, Seth Jesse, stated that he had authorized payment on the outstanding invoices but "cannot control what gets paid [ ]."  Between December 2022 and the date of this filing, Bond has contacted Defendant more than twenty times via email—and numerous other times via phone calls, text messages, and certified mail—regarding payment of outstanding invoices.  Bond has repeatedly informed Defendant that its continued failure to pay the outstanding invoices would require Bond to withdraw in this action and other actions.

On May 11, 2023, Bond sent a certified letter addressed to Frances Allen, CEO of Boston Market, and Jignesh "Jay" Pandya, CEO of Rohan Group of Companies, which controls Boston Market.  The letter again requested payment for the unpaid invoices and informed Defendant that Bond would be unable to undertake further work for Defendant if Bond did not receive substantial payment by May 31, 2023.  Defendant has not responded to this letter, nor made any payment on this outstanding balance.

### Deterioration of the Relationship Between Bond and Boston Market

On May 23, 2023, Bond learned that its main point of contact, Boston Market's General Counsel, Seth Jesse, was no longer employed by Boston Market.  Defendant has attempted to contact the CEO of Rohan Companies, Mr. Pandya, repeatedly in order to obtain necessary client input regarding the Joint Pre-Trial Order in this action.  Mr. Pandya has not substantively responded nor provided a new point of contact regarding the Joint Pre-Trial order.

On May 31, 2023, the parties jointly sought an extension to file the Joint Pre-Trial Order while Bond attempted to locate another point of contact with Boston Market.  On June 15, 2023, as Bond was still unable to reach Defendant, Bond sought a second extension to file the Joint Pre-Trial Order, with Plaintiff's consent.  On June 22, 2023, Bond sought its third extension regarding the Joint Pre-Trial Order.  On June 23, 2023, and July 10, 2023, we successfully connected with Mr. Pandya on his personal cell phone.  Despite explaining the urgency concerning the Joint Pre-Trial Order and the need for client input in this regard, Mr. Pandya has not substantively engaged in conversation nor addressed the outstanding invoices.

To date, no one from Boston Market has engaged substantively regarding the Joint Pre-Trial Order or Bond's request for attorneys' fees.  The vast majority of our phone calls, text messages, and emails remain unanswered.[1]

### RELIEF REQUESTED AND BASIS THEREFOR

By this Letter Motion, Bond respectfully requests entry of an order (i) granting Bond leave to withdraw as counsel for Defendant Boston Market; (ii) staying the proceedings in this action for sixty (60) days, or such other time that pleases the Court, to permit Defendant the opportunity

---

[1] Bond is prepared to make a full *in camera* disclosure of these facts should that be required by the Court.

Hon. Vera M. Scanlon
July 11, 2023
Page 3

to secure and retain new counsel; and (iii) granting such other relief as the Court deems just, equitable, and proper.

Pursuant to Rule 1.4 of the Local Rules of the U.S. District Court for the Eastern District of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Further, Rule 1.16(c) of the New York Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client" under certain circumstances, including when (1) "withdrawal can be accomplished without material adverse effect on the interests of the client" or (5) "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees" or (7) "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See* Rules of Professional Conduct, 22 NYCRR Part 1200.

In deciding a motion to withdraw as counsel, courts may consider (1) the reasons for the withdrawal and (2) the impact withdrawal will have on the timing of the proceeding. *Escon Constr. Grp. Plc v. Fastenal Co.*, 583 F. Supp. 3d 381, 384 (E.D.N.Y. 2022). This Court has found withdrawal to be appropriate based on "the client's failure to communicate and cooperate," *Howard v. Contino*, No. 05-cv-1668, 2010 WL 11651762, at *1 (E.D.N.Y. June 30, 2010) (Vitaliano, J.), and the "client's continued refusal to pay legal fees." *Team Obsolete Ltd. v. A.H.R.M.A.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006). *See also Fullsend, Inc. v. Cannafellas Grp., Inc.*, No. 22-cv-3741 (ENV)(JMW), 2023 WL 3440009, at *2 (E.D.N.Y. Apr. 19, 2023) (granting withdrawal based on material breakdown in attorney-client relationship and client's failure to pay fees).

Here, there has been a fundamental breakdown in communications between Bond and Defendant, resulting in irreconcilable differences between the attorney and client. Defendant has refused to substantively respond to counsel's repeated emails, phone calls, text messages, and letters, rendering representation in this action impossible. Moreover, Defendant has refused to make any payments to Bond since March 2022, and even then, payment was not current. To date, Defendant owes Bond $48,514.90 in legal fees and disbursements related to the above captioned matter, and a substantial sum related to other matters.

Hon. Vera M. Scanlon
July 11, 2023
Page 4

There will be no material adverse impact on Defendant because no trial is scheduled in the matter and Defendant has sufficient time to obtain separate counsel. *See Nikonov v. Flirt NY, Inc.*, No. 1:19-CV-07128 (SDA), 2021 WL 4198231, at *1 (S.D.N.Y. Sept. 14, 2021) (granting motion to withdraw following close of discovery); *Aguilar v. Kirschenbaum & Phillips, P.C.*, No. 11-CV-1085 (SJF)(WDW), 2012 WL 1744852, at *1 (E.D.N.Y. May 15, 2012) (granting motion to withdraw following close of discovery and expiration of deadline to file joint pre-trial order due to client's refusal to communicate or participate in litigation).

Bond is not asserting a retaining lien or charging lien with respect to this matter.

Should the Court conclude that additional information is necessary to decide this Letter Motion, Bond respectfully requests the opportunity to present a supplemental declaration and documents to the Court for an *in camera* review in order to protect the confidential and privileged nature of the communications between Bond and Defendant.

A copy of this Letter Motion is being served on Defendant concurrently with service on Plaintiff.

Thank you for your consideration.

Respectfully Submitted,

BOND, SCHOENECK & KING, PLLC

Gregory B. Reilly, Esq.

cc:   Josef Nussbaum, Esq., Counsel for Plaintiff (via ECF)
      Jignesh "Jay" Pandya, CEO of Rohan Group of Companies (via certified mail)
      Frances Allen, CEO of Boston Market (via certified mail)

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2023, I caused the foregoing letter motion to the Hon. Vera M. Scanlon in the matter of *Thomas Fitzpatrick v. Boston Market Corporation*; Case No. 1:21-cv-05868 to be served on the following persons on this date by USPS Certified Mail Return Receipt Requested :

Mr. Jignesh "Jay" Pandya
Rohan Group of Companies
14103 Denver West Parkway
Golden, Colorado 80401

Ms. Frances Allen, CEO
Boston Market Corporation
14103 Denver West Parkway
Golden, Colorado 80401

                                                           /s/ Gregory B. Reilly
                                                           Gregory B. Reilly