# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph  
D. Maimon Kirschenbaum  
Denise Schulman  
Josef Nussbaum  
Lucas Buzzard  

32 Broadway, Suite 601  
New York, NY 10004  
Phone 212) 688-5640  
Fax (212) 688-2548  
www.jk-llp.com  

July 24, 2023

**VIA ECF**

The Honorable Judge Vera M. Scanlon  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      **RE:**    *Fitzpatrick v. Boston Market Corporation,*  
               **Civil Action No. 1:21-cv-05868-ENV-VMS**

Dear Judge Scanlon,

      We represent Plaintiff in the above-referenced matter. We write to respectfully oppose Defendant Boston Market Corp.'s ("BMC") counsel's request to withdraw as counsel and stay proceedings at this juncture of the case when the proposed joint pretrial order ("JPTO") is already past due. *See* Dkt. Entries for 9/22/2022, 6/16/2023, 6/23/2023, and Dkt. No. 27. Plaintiff opposes any stay of or delay in this action occasioned by a change in counsel at this late juncture and requests that BMC and its counsel be held to their respective Court-ordered deadlines for filing of the JPTO. (To be sure, Plaintiff has no objection to Bond, Schoeneck & King, PLLC ("Bond") applying to be relieved as counsel after the JPTO has been filed.) Plaintiff also writes to set forth his concerns about allowing BMC – which is a legal entity – to appear without counsel in this matter.

      **I.**    **Background - JPTO Deadlines in this Case**

      The JPTO filing deadline in this case has been extended three times and, even so, Defendant has now allowed the most recent deadline to pass without making Court Ordered joint filing. Specifically, the JPTO was originally due on May 31, 2023. Dkt. Entry for 9/22/2022. On May 22, 2023, the undersigned contacted counsel for Defendant to requests their respective portion of the JPTO draft so that we could file by the deadline. Defendant's counsel ignored this request and the Parties were forced to seek an extension, until June 16, 2023, to file the JPTO. Dkt. No. 23. The extension request was granted by Judge Vitaliano. Dkt. Entry for 6/1/2023. Counsel for BMC later contacted our firm and asked for an additional two weeks to file the proposed order (which we consented to) and, on June 15, 2023, counsel for BMC sought and was granted a second

extension of the JPTO filing deadline. Dkt. No. 24, Dkt. Entry for 6/1/6/23. One day before that extended deadline, counsel for BMC sought a third extension of the deadline citing his difficulty in consulting with his client about the JPTO. Dkt. No. 25. The Court granted this third request and allowed until July 14, 2023 to file the proposed order. Dkt Entry for 6/23/2023. In granting that request, Judge Vitaliano cautioned that: "Defendant is warned that no further extensions will be granted absent significant changes in circumstances." *Id*. Needless to say, the JPTO was still not filed by that deadline. Instead, Counsel for BMC filed a motion to withdraw (Dkt. No. 27) and a motion to hold the deadline to file the JPTO in abeyance pending a decision on the motion to withdraw (Dkt. No. 28) and refused to make any filing joint filing with Plaintiff.

It merits highlighting that, on June 23, 2023, counsel for Defendant served a draft of his client's portion of the JPTO with the expectation that it would be filed later that same day. However, later that day and before the Parties filed the JPTO, Judge Vitaliano granted Defendant's pending extension request and counsel has since refused to *jointly* file any proposed orders as expected by the Court.

## II. The Court Should Deny Counsel for BMC's Application to Withdraw at this Juncture of the Case

In his letter seeking leave to withdraw, Mr. Reilly asserts that Bond's withdrawal request and motion for a stay of these proceedings is occasioned Defendant's failure to pay attorneys' fees and lack of communication which resulted in an "fundamental breakdown in communications between Bond and Defendant." (Dkt No. 27 at 2-3). While Plaintiff appreciates Mr. Reilly's situation, Plaintiff strenuously objects to a stay or delay of this matter or a further extension of deadlines for Defendant to comply with this Court's orders.

Pursuant to Local Civil Rule 1.4, an attorney "may not withdraw from a case without leave of the Court" and such an order "may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . .." District courts have broad discretion in deciding such motions to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). "In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Id.* (cleaned up). Courts in this circuit "often deny" motions to withdraw when made "on the eve of trial or following significant amounts of discovery." *Allstate Ins. Co. v. Spina*, 2020 U.S. Dist. LEXIS 245611, at *9 (S.D.N.Y. July 27, 2020). Moreover, "[a]lthough the non-payment of legal fees and a client's failure to cooperate can be valid reasons for counsel to withdraw, […] Courts have frequently denied motions to withdraw filed too close to the beginning of trial, and this case is trial-ready." *Zhen Ming Chen v. Y Cafe N.Y. City Inc.*, No. 14-CV-3967 (JMF), 2015 U.S. Dist. LEXIS 57533, at *1 (S.D.N.Y. May 1, 2015) (denying request to withdraw as counsel where, as here, the parties' pre-trial submissions were due) (citations omitted); see also *Rophaiel v. Alken Murray Corp.*, No. 94-CV-9064 (CSH), 1996 U.S. Dist. LEXIS 7796, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (denying a motion to withdraw where "[i]t would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees").

Here, the prosecution of this suit will be disrupted if Bond withdraws at this juncture. Discovery has bene closed for months and the JPTO deadline has been extended four times. Any stay of this action to allow BMC to find new counsel will unnecessarily prolong this case. Indeed,

the delay will not only be the 60-day period of the requested stay but the additional time any new counsel will undoubtedly request to familiarize themselves with the proceedings. Moreover, there does not appear to be a pressing need for Bond's immediate withdrawal in this lawsuit. Specifically, Defendant BMC has not sought to terminate its relationship with Bond. There is simply no reason that the Bond attorneys cannot carry out their professional duties and file the JPTO, especially considering that they have already proposed a draft of the proposed order. Accordingly, given juncture of this case and Mr. Reilly's familiarity with the pretrial submissions, Plaintiffs respectfully request that the Court consider granting Bond's application to withdraw only after the JPTO has been filed. *See, e.g., Vachula v. General Electric Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the ever of trial, courts generally deny such a motion."); *Fashion Boutique of Short Hills, Inc. v. Fendi, USA, Inc.*, No. 91-CV-4544 (MGC), 1999 U.S. Dist. LEXIS 9687, 1999 WL 440626, at *1 (S.D.N.Y. June 28, 1999) (denying a motion to withdraw where, as here, the parties' joint pretrial order "would have been submitted but for the filing" of the motion to withdraw).

As a separate matter, because BMC is a legal entity, it cannot appear in this Court without an attorney. *See, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 139-140 (2d Cir. 2007). Accordingly, any order permitting Bond to withdraw should clearly inform BMC that unless counsel enters an appearance on its behalf by a date certain, a default will be entered against it. *See City of New York v. Mickalis Pawn Shop,* LLC, 645 F.3d 114, 130-31 (2d Cir. 2011) (holding that entry of default was proper where the defendant, a limited liability company, failed to obtain counsel despite the court's warning that such failure would result in default).

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/ *Josef Nussbaum*

Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)