# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph  
D. Maimon Kirschenbaum  
Denise Schulman  
Josef Nussbaum  
Lucas Buzzard

32 Broadway, Suite 601  
New York, NY 10004  
Phone 212) 688-5640  
Fax (212) 688-2548  
www.jk-llp.com

July 24, 2023

**VIA ECF**

The Honorable Eric N. Vitaliano  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

   RE: *Fitzpatrick v. Boston Market Corporation,*  
      **Civil Action No. 1:21-cv-05868-ENV-VMS**

Dear Judge Vitaliano,

  We represent Plaintiff in the above-referenced matter. We write to respectfully inform the Court that, despite seeking and being granted multiple extensions to the date that the Parties' proposed joint pretrial order ("JPTO") is due, Defendant Boston Market Corp. ("BMC") refuses to file the propose order. Accordingly, we respectfully request that Court Order BMC to file the JPTO by no later than Wednesday July 26, 2023 or face sanctions, including a default judgment, if they fail to meet the next Court Ordered filing deadline.

  **I.** **Background - JPTO Deadlines in this Case**

  The JPTO filing deadline in this case has been extended at least three times. Specifically, the JPTO was originally due on May 31, 2023. Dkt. Entry for 9/22/2022. On May 22, 2023, the undersigned contacted counsel for Defendant to requests their respective portion of the JPTO draft so that we could file by the deadline. Defendant's counsel ignored this request and the Parties were forced to seek an extension, until June 16, 2023, which Your Honor granted. Dkt. No. 23; Dkt. Entry for 6/1/2023. Counsel for BMC later contacted our firm and asked for an additional two weeks to file the proposed order (which we consented to) and, on June 15, 2023, counsel for BMC sought and was granted a second extension of the JPTO filing deadline. Dkt. No. 24, Dkt. Entry for 6/1/6/23. One day before that extended deadline, counsel for BMC sought a third extension of the deadline citing his difficulty in consulting with his client about the JPTO. Dkt. No. 25. The Court granted this third request and allowed until July 14, 2023 to file the proposed order. Dkt Entry for 6/23/2023. In granting that request, the Court cautioned that: "Defendant is warned that no further extensions will be granted absent significant changes in circumstances." *Id*.

Needless to say, the JPTO was still not filed by that deadline. Instead, Counsel for BMC filed a motion to withdraw (Dkt. No. 27) and a motion to hold the deadline to file the JPTO in abeyance pending a decision on the motion to withdraw (Dkt. No. 28) and refused to make any filing joint filing with Plaintiff. Earlier today, Plaintiff filed an opposition to counsel application to withdraw a copy of which is attached hereto as "Exhibit A."

It merits highlighting that, on June 23, 2023, counsel for Defendant served a draft of his client's portion of the JPTO with the expectation that it would be filed later that same day. However, later that day and before the Parties filed the JPTO, Your Honor granted Defendant's pending extension request and counsel has since refused to *jointly* file any proposed orders as expected by the Court.

## II. The Court Should Order BMC to file the JPTO Forthwith or Face Sanctions

Courts are authorized to impose sanctions on a party that fails to appear at a pretrial conference or obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(A, C). These sanctions may include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii, vi); *see* Fed. R. Civ. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."). "'While dispositive relief is a severe sanction that should be granted only sparingly,' courts have generally held that an entry of a default judgment is warranted 'in the face of willful misconduct' or 'a continuing saga of dilatory conduct.'") *Vargas v. Jet Peru-Courier Corp.*, No. 15-CV-6859 (RRM)(PK), 2018 U.S. Dist. LEXIS 43716, at *9 (E.D.N.Y. Mar. 14, 2018) (quoting *Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 251 (E.D.N.Y. 2010).

Here, Defendant sought and was granted at least three extensions of the JPTO filing deadline. Yet, despite the repeated extensions, Defendant continues to willfully ignore the Court Ordered JPTO filing deadline. Accordingly, Plaintiff respectfully requests that the Court Order Defendant to comply with the Court's Order and to file a JPTO by no later than Wednesday July 26, 2023 or face a default. *See, e.g Liu v. Millenium Motors Sports*, No. 17-CV-06438 (RPK)(RER), 2021 U.S. Dist. LEXIS 99088, at *10 (E.D.N.Y. May 24, 2021) ("Where defendants willfully abandon their defense of the case, case-ending sanctions are appropriate.")

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/ *Josef Nussbaum*

Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)